**William O. DAWSON and Edith Dawson, Plaintiffs,**

**v.**

**BARKLEY, INC., a corporation, Mildred B. Miller, Gene L. Hall, George L. Furmage, E. Spencer Fitzgerald, Frank Paroni, Defendants.**

Civ. A. No. 3521–59.

United States District Court District of Columbia.

Feb. 24, 1960.

Edmund L. Browning, Jr., Washington, D. C., for plaintiffs.

Robert E. Lynch, Washington, D. C., for defendants.

YOUNGDAHL, District Judge.

Plaintiffs seek to enjoin the defendant corporation from continuing its construction of two houses; seek to have the Court order the removal of the portions of the houses that are within twenty feet of the southerly line of Albemarle Street and, in the alternative, seek a summary judgment.

In May, 1959, the defendant purchased four parcels of unimproved land from Katherine and John Gunion. The parcels comprise a perfect square approximately 120 feet by 112 feet. A few weeks later, the plaintiffs purchased two

parcels of unimproved land from the Gunions with a total acreage of roughly two-thirds that of the defendant's "square" and of irregular shape. Plaintiffs' land lies to the west of defendant's; both are bordered on the north by Albemarle Street; the eastern boundary of one of the two parcels owned by plaintiffs is the western boundary of the two western-most parcels of defendant's four parcels.

The deeds from the Gunions to both parties contained a covenant running with the land for fifty years forbidding the construction of any structure within twenty feet of Albemarle Street's southerly line (that is, the northern boundary of the property here involved).

Towards the end of August, 1959, the defendant commenced an excavation for the construction of two houses. It is conceded that the houses were built only five feet south of Albemarle Street, not more than twenty feet as is provided for by the covenant. Plaintiffs complain of the violation of the covenant since it appears that the shape of their property is such that its value is affected adversely by structures on the defendant's property inside the twenty foot limitation.[1]

It is not disputed, for the purposes of this motion, that the first notification to the defendant from the plaintiffs complaining of the covenant's violation was by way of a letter from counsel for plaintiff, dated December 1, 1959, and received by the defendant about December 2, 1959. On this date, the houses' brickwork had been completed, most of the windows had been installed and inside trim work was in process. Plaintiffs filed suit on December 14, 1959 and moved for summary judgment or an injunction pendente lite on January 13, 1960. This motion is the one now before the Court.

Since the houses are completed,[2] the only feasible, equitable relief would be an order compelling the defendant to remove any structures from the twenty foot area. Of course, as a practical matter, this would mean moving the houses.

As of December 2, 1959, the time of the first notification, the defendant had invested in its houses approximately $35,000. In comparison, the plaintiffs paid a total of $8,000 for their two parcels. Because of the delay in notification to the defendant, because the damages to the defendant would be wholly disproportionate to the benefit accruing to the plaintiffs were an injunction to issue, and because the Court does not believe that money damages would be an inadequate remedy, the plaintiffs' motion is denied. See discussion and authorities cited in Paramount Pictures Corporation v. Holden, D.C.S.D. Cal.1958, 166 F.Supp. 684, 689–690; cf. McKinney v. Burman Properties, D.C. D.C.1948, 79 F.Supp. 787, affirmed 1949, 84 U.S.App.D.C. 373, 174 F.2d 509.

The Court requests counsel for defendant to prepare appropriate findings of fact and conclusions of law in conformity with this memorandum, including therewith an order advancing this case for trial immediately to the first open date.

---

1. Only two of defendant's four parcels are covered by the covenant but the houses in question are on these two parcels. Therefore, the fact that the other two parcels (the eastern-most two) are not controlled by the covenant is immaterial to the instant case except insofar as it shows that there is no twenty foot building line along the entire street. Indeed, the parcel of land to the *west* of plaintiffs' land contains a house built within twenty feet of Albemarle Street.

From the deposition on file, it can be seen that the covenant was the idea of the Gunions. Its purpose was to make the plaintiffs' land more suitable for a house, because of the awkward shape of plaintiffs' property—the northern boundary, only 35', is the side fronting on Albemarle Street—the plaintiffs would have to look at the back of a house on defendant's land if it were not more than twenty feet back from the street.

2. In fact, the houses were completed on February 4, 1960, when this motion came on for hearing.